## HOSTETTER CO. v. BOWER.

(Circuit Court, S. D. New York. May 11, 1896.)

1. TRADE–MARK—UNFAIR COMPETITION—CREDIBILITY OF WITNESSES.

Witnesses hired by the manufacturer of a proprietary medicine to secure evidence against suspected infringers are not disinterested, and their testimony should be scrutinized with unusual caution.

2. SAME—WEIGHT OF EVIDENCE.

Testimony of witnesses hired to secure evidence against infringers, that they purchased of defendant imitation bitters, put up in genuine bottles procured for the purpose, *held* insufficient, where they relied solely on opinions formed from tasting the liquid, and where they were opposed by the testimony of defendant and his employés and others, that the bitters so sold were genuine, and that he had never procured or sold any imitation article.

This was a bill in equity by the Hostetter Company against Simon Bower, for alleged infringement of trade-marks and unfair competition in trade. Final hearing on pleadings and proofs.

Albert H. Clarke and James Watson, for complainant.

Charles Putzel, for defendant.

COXE, District Judge. This cause turns solely upon a question of fact. The bill is based upon alleged unfair competition in trade. The defendant, who is a retail liquor dealer, is charged with fraud in selling as the genuine bitters of the complainant a cheap imitation thereof manufactured by one Emil Becker. It is alleged that he deceives the public by purchasing the spurious article in large quantities and selling it to his customers from bottles which once contained the genuine Hostetter Bitters and still retain the complainant's labels and trade-marks.

The charge against the defendant is a serious one. He is accused of perpetrating a petty and contemptible fraud by which, for a paltry reward, he cheated not only the complainant but his own customers as well. The burden is upon the complainant to establish this charge by a clear preponderance of proof. Nothing must be left to conjecture or guesswork. The witnesses called for the complainant are not disinterested; they are paid by the complainant to secure evidence against infringers upon its rights. Although there is nothing in their conduct to warrant the superlative denunciation which has been heaped upon them, it cannot be denied that their testimony must be scrutinized with unusual caution. They say that on several occasions at the defendant's place of business they purchased bogus bitters which were poured from genuine bottles. The defendant concedes the sales, but says that on each occasion he sold the genuine article. The proof that the bitters were spurious is

confined to the opinions of the complainant's witnesses who tasted the bitters. Several bottles were produced before the examiner sealed. The seal has not been broken. No analysis of their contents has been made. They may contain imitation bitters and they may contain genuine Hostetter Bitters. The genuine and the counterfeit are alike in appearance and are somewhat similar in taste. The witnesses who give their opinion from taste merely may be mistaken. In short, the complainant's proof is not free from doubt. When, however, the testimony stands contradicted by every one connected with the transaction on behalf of the defendant, the court would hardly be justified in saying that the complainant has sustained the burden which the law places upon it. The defendant swears that he never bought bitters of any kind of Becker, and Becker swears that he never sold bitters of any kind to defendant. Both are corroborated by their employés. The defendant says that for 21 years he has sold the genuine Hostetter Bitters, and never sold any spurious bitters; that the bitters sold to the complainant's witnesses were genuine. In this the defendant is corroborated by his two barkeepers.

Without pursuing the discussion further, it is thought that the complainant has failed to prove the alleged fraud by testimony which outweighs that of the defendant. The denial is as broad and as well sustained as the accusation. The argument for the defendant might be stated even more strongly, but it is not necessary. In order to recover, the complainant must preponderate the defendant. In this the complainant has failed.

It follows that the bill must be dismissed, with costs.