HOSTETTER CO. v. COMERFORD et al.

(Circuit Court, S. D. New York. November 14, 1899.)

UNFAIR COMPETITION—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE.

In a suit for unfair trade, in which it is charged that defendants fraudulently refilled bottles which had contained complainant's bitters with a cheap spurious imitation, which they sold as the genuine article, the burden of proof rests strongly on the complainant; and, where no analysis was made of the samples bought from defendants, who were shown to have purchased the genuine bitters, and the formula of complainant was not disclosed, the complainant's case resting entirely on the opinions of witnesses who had no expert knowledge, the evidence is insufficient to warrant a decree which would brand the defendants as frauds and cheats.[1]

This was a suit in equity for unfair competition and fraud. On final hearing.

Albert H. Clarke, for complainant.

E. Marshall Pavey, for defendants.

COXE, District Judge. The bill charges the defendants with fraud and unfair dealing in selling cheap, spurious bitters to their customers as genuine Hostetter's bitters. It is alleged that this fraud is accomplished by refilling empty bottles, having the trademarks and labels of the complainant, with the imitation article. The charge is a grave one. The defendants are accused of perpetrating a contemptible fraud not only upon the complainant but upon the public as well. The accusation is one which, if sustained, will brand the defendants as common cheats and impostors, outside the pale of decent society and unworthy to associate with honest men. It is an elementary principle of law that such an allegation must be proved; it cannot be imagined or inferred.

The witnesses for the complainant purchased several bottles of the defendants partly full of a liquid which they pronounce to be an imitation of the genuine "Hostetter's bitters." These witnesses are all

---

[1] As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and, supplementary thereto, note to Lare v. Harper & Bros., 30 C. C. A. 376.

in the complainant's employ and they base their opinion upon their familiarity with the taste, smell and color of the genuine article. No one of them is a chemist. No analysis is produced either of the genuine or the alleged bogus article. It is the complainant's misfortune in a case of this character that the formula under which it manufactures is a trade secret and is, therefore, never produced. But when fraud is charged the court cannot close its eyes to the fact that the complainant has in its possession proof which will remove all doubt, and withholds it for its own advantage. It would seem, however, that, even without this disclosure, an analysis of the two liquids by a competent chemist would demonstrate whether or not the ingredients are the same. It is not denied that the resemblance is very close, and yet, as before stated, the case for the complainant rests upon the opinion of witnesses who have had long experience, it is true, but no special expert knowledge. On the other hand, the defendants and all of their employés deny in the most emphatic manner that they ever refilled empty bottles with bogus bitters. It is shown that the defendants purchase largely from the well-known and highly-reputable house of Acker, Merrill & Condit and that during the time in question they bought at least two cases of genuine Hostetter's bitters from that firm. It also appears that the demand for these bitters is very limited in the saloon business. It is used more as a medicine than as a beverage. In some of defendants' saloons it is not sold at all. Again, there is nothing in the record to indicate that the defendants are men who would descend to the level of the petty trickster. For aught that appears they are men of fair standing in the business in which they are engaged. The burden is strongly upon the complainant to prove fraud by a fair preponderance of evidence. This it has not done. Stated as fairly as the complainant can expect the matter is involved in doubt. Should the court decree for the complainant it would be still harassed by the fear that it may have condemned innocent men. The situation is almost identical with that which confronted this court in Hostetter Co. v. Bower (C. C.) 74 Fed. 235. The absence of an analysis in that case was the subject of comment at the argument and in the decision. With the attention of the complainant drawn so sharply to the subject it would seem that in the present case the defect should have been remedied. The bill is dismissed.