### HOSTETTER CO. v. COMERFORD et al.

(Circuit Court, S. D. New York. March 1, 1900.)

EQUITY—REHEARING.

  A court of equity will not grant a rehearing to enable a complainant to have an analysis made of alleged spurious bitters, which defendants were charged with having sold as the product of complainant, where it was fully known before the hearing that the court regarded such analysis as material.

On Motion for Rehearing. For former opinion, see 97 Fed. 585.

COXE, J. No tenable ground for a rehearing is stated in the moving papers. There is no pretense that the court has overlooked a controlling fact or principle of law. No newly-discovered evidence is presented. The argument now advanced is only a repetition of the argument at final hearing. In substance it is reasserted

that the court should have accepted the testimony of the complainant's witnesses and should have disregarded the testimony of the defendants' witnesses.

In answer the court can only restate the grounds upon which the former decision rests. The burden was heavily upon the complainant to prove fraud. It attempted to do this by calling a number of interested witnesses, some of them continuously in the employ of the complainant and others paid for the time spent in procuring testimony against suspected dealers, who testified to the bogus character of the defendants' goods. These witnesses relied for their opinion upon the difference in appearance, taste and smell, between the defendants' bitters and the genuine bitters of the complainant, it being conceded that the resemblance was very close. The complainant had absolute proof in its possession which it withheld because it did not desire to disclose the secrets of its business. It also failed to produce an analysis of the genuine and alleged fraudulent bitters although its failure to do so in a former case was commented upon by the court. Such an analysis, without disclosing the complainant's formula, would, it is thought, discover any marked difference in the two liquids; and such a difference would tend strongly to support the complainant's theory. On the part of the defendants there was an explicit denial of fraud and proof that the bitters used by them were purchased from a reputable house. In these circumstances the court declined to accept the complainant's testimony as proof of fraud, first, because the witnesses were all interested, second, because the complainant had in its possession much stronger proof which was withheld, third, because the defendants flatly denied the fraud, and fourth, because conceded purchases from Acker, Merrall & Condit of genuine bitters by the defendants tended to corroborate their denial. If the complainant considers itself aggrieved in such circumstances its remedy is not by petition for a rehearing, but by appeal.

The first reason for a rehearing stated in the petition is in these words:

"The court appears to be of the opinion, the bitters sold by the defendants should have been analyzed, when in point of fact an analysis cannot be made of any such liquid."

This proposition is supported by an affidavit of Prof. Riley, who states that "an accurate quantitative analysis of Hostetter's Bitters would be, in the present state of our knowledge and information on the subject of chemistry, impossible." The concluding paragraph of the complainant's brief is as follows:

"Complainant asks that the case be referred back to the examiner (the court having intimated the existence of a doubt regarding the charges made by complainant) so that the professor of chemistry in Columbia College, and others, may be called as witnesses to determine whether like ingredients are contained in both articles."

It might, perhaps, seem inconsistent for the complainant to ask for an opportunity to do that which it asserts to be impossible, but it is enough to say that every element necessary to make a case for a rehearing upon the ground of newly-discovered evidence, is lacking.

There is no proof that an analysis has ever been made and there is nothing to show that, if made, it would uphold the complainant's contention. On the contrary, the only chemist produced by the complainant contends that it would prove nothing. But were such an analysis attached to the moving papers the objection that it was not newly discovered would be fatal. Ever since the decision in the Bower Case (C. C.) 74 Fed. 235, the complainant has known that the court regarded the absence of an analysis as significant. All this was known when the proofs in this cause were taken and it is manifest that the complainant is precluded from asserting that the wisdom of producing an analysis is "newly discovered." The motion for a rehearing must be denied.