## In re NEW STYLE HAT MFG. CO.

### No. 52975.

District Court, N. D. Ohio, E. D.

Dec. 11, 1940.

Marc Grossman, of Cleveland, Ohio, for Sidney Weitz, trustee.

Gerald Doyle, of Cleveland, Ohio, for A. G. Levine, receiver.

William Rosenfeld, of Cleveland, Ohio, for bankrupt.

Alfred Palay, of Cleveland, Ohio, for Nathan Singer, petitioner in above-mentioned case.

JONES, District Judge.

Careful consideration of the claim of Singer to preferred status in respect of overtime pay has been given. His evidence of overtime pay is uncorroborated, and while it is true that the bankrupt's books conceivably might not reflect extra time, yet it seems unusually strange that his claim for it should not have been made from July 31, 1939, until after bankruptcy had intervened in the spring of 1940. There was conflict in the evidence as to his status, that is, whether he was engaged as a wage earner or as a foreman. He was employed at a rate of pay of $40 per week. While he did operate machines, yet he had some of the duties and some of the authority of a foreman. The Referee states that had he not been so engaged, but had been rated as a wage earner, he could not have worked in the bankrupt's shop because he was not a member of the Union, and the bankrupt had a Union shop.

It is realized that probably he would not be denied a right to overtime under the Wage and Hour Law, 29 U.S.C. A. § 201 et seq., though not a member of the Union, or that he would not be held to have waived such right by contracting to work at a fixed weekly rate; but the facts referred to above bear upon the integrity of a claim which never was made or presented until after bankruptcy. It is not reasonable to believe that if Singer had excess time and overtime payments due him he should have remained silent with respect to it for approximately ten months or more. The Referee saw and heard the witnesses testify and was in a position to judge of their candor, interest and truthfulness. It cannot be expected that the

Court on review will overturn the findings of the Referee unless clearly erroneous. The Referee was not bound to accept the testimony and evidence of Singer as controlling proof, even if it were not directly and specifically contradicted. It was the Referee's function to give such evidence the weight and credit to which he believed it entitled. If he disbelieved the evidence of Singer, it was within his power to reject it.

I can find no just basis upon which the claimant should be permitted now to occupy a preferred status for his claim of overtime.