**TRENTON COTTON OIL CO., TRENTON, TENN., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9799.

Circuit Court of Appeals, Sixth Circuit.

March 19, 1945.

———◇———

For former opinion, see 147 F.2d 33.

Robert P. Adams, of Trenton, Tenn. (Taylor, Adams & Freeman, of Trenton, Tenn., on the brief), for petitioner.

Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Helen Goodner, all of Washington, D. C., for respondent.

Before HICKS, HAMILTON, and Mc-ALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Respondent on rehearing, urges that in no event does Section 118 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 118, apply to the losses on the sales of cotton futures by petitioner, because in its switching operations, petitioner did not sell and repurchase substantially identical property.

The factual base for respondent's contention is (a) that in each switching transaction, the date of the delivery of the oil in the contract purchased was later than in the contract sold, thus the contracts matured at different times; (b) that in some instances when one contract was sold and a new one purchased on the Commodity Exchange, the parties were different; (c) new purchases substituted for old had an additional charge for storage because the period of storage was longer.

The phrase of the statute with which we are concerned reads " * * * so to acquire, substantially identical stock or securities, then no deduction for the loss shall be allowed under section 23(e) * * *." The meaning of the word "identical" is to be determined by the context and by the apparent purpose of the statute in which it is used. Manifestly it was not the intention of the Congress that a taxpayer should be allowed a loss unless he repurchased or contracted to repurchase the identical property which he had sold, nor was it the intention of the Congress that the new contract should be identical in date or that the parties should be the same. The fact that carrying charges continued is immaterial. The purpose of the statute was to prevent a taxpayer from claiming a loss where it had been recouped by the taxpayer by repurchasing or contracting to repurchase substantially identical securities "within a period beginning 30 days before the date of such sale or disposition and ending 30 days after such date." The word "identical" as used in the statute, is not to be construed in a restrictive manner, but as used, it means without material or substantial change in the securities sold and those repurchased. This is more apparent when the qualifying word "substantially" used with the word "identical" is given its usual and ordinary meaning. Thus, taking the phrase in the light of the purpose of the statute, it means materially or essentially the same property.

The admitted facts show that the purpose of petitioner in repurchasing future contracts for the identical amount of oil sold was to avoid a loss. It is clear that the repurchases were materially or substantially the same property. Hanlin v. Commissioner of Internal Revenue, 3 Cir., 108 F.2d 429.

Respondent's petition for rehearing is denied.