Samuel M. OPPER, Plaintiff-Appellee,

v.

HANCOCK SECURITIES CORPORA-TION, Defendant-Appellant.

No. 38, Docket 30434.

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1966.

Decided Oct. 5, 1966.

**158**

---

Edward Labaton, New York City (Kramer, Bandler & Labaton, Sidney Kramer, and Edward Labaton, New York City, on the brief), for plaintiff-appellee.

Lewis Perkiss, New York City (Kimmelman & Perkiss, New York City, on the brief), for defendant-appellant.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

In action by Connecticut customer against New York broker-dealer for damages for failure to carry out contract for sale of stock, based on New York law and the Securities Act of 1934 (15 U.S.C. §§ 78j, 78o), the United States District Court for the Southern District of New York, Marvin E. Frankel, Judge, entered judgment for plaintiff. 250 F.Supp. 668 (S.D.N.Y.1966). We find no error and in open court we have affirmed the judgment.

The principal attacks on appeal are on the finding of a contract for a sale at market. The court credited the testimony of plaintiff, which amply supports the finding. Credibility is for determination by the trier. Broadcast Music, Inc. v. Havana Madrid Restaurant Corp., 175 F. 2d 77, 80 (2d Cir. 1949). Failure to carry out the order while disposing of its own similar stock was not only actionable under the contract but also a violation of the Securities Exchange Act. See Barnett v. United States, 319 F.2d 340, 344, 345 (8th Cir. 1963). As such, it was actionable in a private suit. Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951). The proof of sales of its own stock by defendant constituted a proper criterion for measuring damages, and recovery was rightly allowed for the damages proved, although higher in amount than the original *ad damnum*.

The claim of bias on the part of the trial judge is so lacking in substance as not to require comment. See United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). The judgment is affirmed.