DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN P. KELLAR,**
Appellant,

v.

**ESTATE OF JOHN W. KELLAR,**
Appellee.

No. 4D17-3019

[October 24, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. PRC 140003001.

Henny L. Shomar and Douglas H. Reynolds of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Scott A. Weiss, Fort Lauderdale, for appellee.

GERBER, C.J.

The decedent's son appeals from the circuit court's order granting the decedent's wife's petition for administration in part and denying the son's counterpetition for administration, and from the circuit court's order denying the son's motion for rehearing. We affirm both orders. The wife presented competent substantial evidence to raise the rebuttable presumption that the son exerted undue influence over the decedent to procure the decedent's revocation of his will favoring the wife, and that upon the burden of proof shifting to the son, the son failed to establish, by a preponderance of the evidence, the nonexistence of undue influence. *See RBC Ministries v. Tompkins*, 974 So. 2d 569, 572 (Fla. 2d DCA 2008) ("[O]nce a will contestant establishes the existence of the basis for the rebuttable presumption of undue influence, the burden of proof shifts to the proponent of the will to establish by a preponderance of the evidence the nonexistence of undue influence.").

In reaching our conclusion, we acknowledge that the circuit court, in rendering its final order, made three erroneous factual findings regarding: whether the son drove the decedent to meet with the son's lawyer; the timing of when the guardian removed the decedent from the home in

relation to a domestic disturbance between the wife and the decedent; and whether the son was a beneficiary of the decedent's earlier wills. However, viewing these few erroneous factual findings within the perspective of the circuit court's lengthy factual findings, we conclude that the erroneous factual findings were inconsequential to the circuit court's ultimate finding that the son failed to establish, by a preponderance of the evidence, the nonexistence of undue influence. Thus, the erroneous factual findings were harmless.

We also acknowledge that the circuit court, as an alternative basis for its orders, erroneously concluded the decedent's prenuptial agreement precluded the decedent from revoking his will favoring the wife. *See Lindeburg v. Lindeburg*, 162 So. 2d 1, 2-3 (Fla. 3d DCA 1964) ("In a contract to make a will, the promisor has the right to change his will . . . the right being enforced against the promisor is the contract right, and not the will, in the case of the breached contract to make a will . . . .") (footnotes omitted). However, that error is harmless given our affirmance of the circuit court's finding that the son failed to establish, by a preponderance of the evidence, the nonexistence of undue influence.

We conclude without further discussion that the son's other arguments on appeal, not addressed in this opinion, lack merit.

In sum, as our sister court stated in *Estate of Brock*, 692 So. 2d 907 (Fla. 1st DCA 1996):

> It is axiomatic that the trial court's resolution of conflicting evidence will not be disturbed by a reviewing court in the absence of a clear showing of error, or that the conclusions reached are erroneous. In reviewing the trial court's findings, they must be given the benefit of all reasonable inferences that may be drawn from the evidence. Further, we are prohibited from reevaluating the evidence and substituting our judgment for that of the finder of the facts.

*Id.* at 913 (internal citations omitted).

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2